BLANTON DUNCAN, ET AL., *v.* GEORGE W. NORTON & CO.

**Liability of Guarantor on Note.**

> The legal effect of a contract of a guarantor on a note is that the grantor will pay the note, if the maker does not, and when the maker fails to pay at maturity the guarantor may be sued upon his undertaking.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

April 26, 1876.

OPINION BY JUDGE COFER:

The appellant, Duncan, by the indorsements made on the notes, became a guarantor. The indorsements having been made, and the notes having passed to the appellees for value before maturity, the legal effect of the contract was to bind him to pay the notes, if the maker did not; and when the maker failed to pay them at maturity, the appellant's contract was broken and he became liable to be sued upon his undertaking. The undertaking of Thompson was to pay the notes at maturity, and the undertaking of Duncan was that Thompson should perform his contract; and when the latter failed to pay at maturity there was a breach of Duncan's agreement for which he might be sued. *Yeates v. Walker*, I Duvall 84.

It is not material to decide whether the appellants could be properly sued in the same action. No objection having been taken in the court below, either for a misjoinder of causes of action or of parties, any objection that might have existed has been waived. *Yeates v. Walker*, supra, and *Dean, et al., v. English*, 18 B. Mon. 132.

The contracts of guaranty were set forth in the petition, and it was alleged that the notes remained wholly unpaid, thereby showing a breach of the obligation of each of the appellants. It was alleged that the appellant, Duncan, for a valuable consideration, transferred and assigned the notes to the appellees by writing his name across the back thereof, with words in substance as follows: "I guarantee the within," signed, Blanton Duncan.

This indorsement was both an assignment and a guaranty, and being set forth in the petition and a breach thereof alleged, it was not necessary that the petition should contain an allegation that Duncan had guaranteed the payment of the notes, or that he was a guarantor. The facts were stated, which showed that he was a guarantor, and the effect of those facts was a matter to be decided by the court, and need not be alleged by the pleader.

The cases cited for appellants to show that a guaranty, like every other contract, must be supported by a consideration, have no application to this case. It is alleged that, for a valuable consideration, Duncan transferred and assigned the notes; and the manner in which he did so is stated, and shows that he also guaranteed their payment. The consideration was, as in effect alleged, for both the assignment and the guaranty.

We do not agree with counsel for the appellees that the judgment for $1.50, costs of protest, was a clerical misprision, correctable by the court below on motion after the term. It is alleged that protest fees amounting to $1.50 were paid, and judgment was asked therefor; and the error in rendering the judgment for that amount was an error of the court, and not of the clerk. But we will not reverse for an error so small, and that being the only error perceived, the judgment is *affirmed.*

*B. H. Duncan, for appellants. M. O. & J. L. Dodd, for appellees.*

